**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

            **v.**                                              **1:04-CR-159**
                                                                **(GLS)**

**ADRIAN JESSOP,**

                    **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE UNITED STATES:**

HON. GLEN T. SUDDABY            RICHARD S. HARTUNIAN
Office of United States Attorney   Assistant U.S. Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, New York 12207

**FOR THE DEFENDANT:**

ADRIAN JESSOP
Plaintiff, *Pro Se*
Prisoner # 12509052
FCI Allenwood
White Deer, Pennsylvania 17887

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pending is what may be construed as a motion-letter by Adrian Jessop seeking to modify a criminal sentence previously imposed by the court. *See Dkt. No. 159.* For the reasons that follow, the motion is **DENIED**.

## II. Procedural History

After his guilty plea to a cocaine and marijuana possession and distribution conspiracy, Jessop was sentenced to forty-one months incarceration. *See Dkt. Nos. 102, 105.* The court recommended that he participate in a Comprehensive Residential Drug Treatment Program administered by the Bureau of Prisons ("BOP"). *See id.* Jessop is currently incarcerated at the Federal Correctional Facility at Allenwood in White Deer, Pennsylvania. *See Jessop Ltr; Dkt. No. 159.*

According to Jessop, if he successfully completes the Drug Treatment Program, BOP regulations will result in a three (3) month reduction of his sentence and placement in a half-way house six (6) months from his sentence completion date. *See id.* Currently, the only available facility offering the Program is located in Fairton, New Jersey, and Jessop must transfer to participate. *See id.* However, he is receiving medical treatment at Allenwood, and BOP officials have temporarily stopped his

2

transfer.  Accordingly, Jessop requests that the court modify his sentence to permit his early release to the half-way house because he cannot participate in the recommended program.  *See id.*

## III. Discussion

Once a defendant is sentenced to a period of incarceration, the terms and conditions of his imprisonment are governed by statute.  *See* 18 U.S.C. § 3621.  Thus, the sentencing order commits the defendant to the custody of the BOP.  *See* 18 U.S.C. § 3621(a).  BOP has the exclusive right to designate the place of confinement, but it has the discretion to consider judicial recommendations concerning such matters as proximity to family or program participation.  *See id.* at § 3621(b)(4)(A-B).  Regarding drug treatment, the BOP is subject to the Congressional mandate that it "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  *Id.*  That mandate, however, is tempered by a condition precedent; namely, the availability of appropriations sufficient to staff and maintain such programs.  *See id.* at § 3621(e).  Thus, the authority to implement the Congressional mandate is exclusively within the province of the BOP, and the court has no jurisdiction to supersede the BOP's authority.  Thus,

3

whether Jessop participates in the Drug program recommended by the

court, when he does so, or where he does so, are all proper decisions for

the BOP.  As an incentive for prisoner participation, the statute affords the

BOP the discretion to reduce a prisoner's sentence by up to one year, and

authorizes placement in a residential treatment facility.  *See id.* at §

3621(e)(2)(B) & (5)(A-C).

Moreover, there are three broad categories that authorize a court to

modify a sentence.  The first is Rule 35(a) of the Federal Rules of Criminal

Procedure which provides:

> **"Correcting Clear Error.**  Within 7 days after sentencing, the
> court may correct a sentence that resulted from arithmetical,
> technical, or other clear error."

FED. R. CRIM. P. 35(a).  Inasmuch as Jessop does not cite any

arithmetical, technical, or clerical error in his sentencing, the court has no

authority to grant his motion under this Rule.  Furthermore, because more

than seven (7) days have elapsed between the time of the sentencing and

Jessop's motion, the court lacks jurisdiction under Rule 35 to entertain

Jessop's requests.  *See United States  v. Werber*, 51 F.3d 342, 348 (2d

Cir. 1995).

The second and third broad categories find support in the *habeas*

4

*corpus* arena.  28 U.S.C. § 2255 provides in pertinent part:

> "[a] prisoner in custody under sentence of a [federal] court ...claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255.  Jessop's motion fails to challenge the legality of his sentence on any basis identified in 28 U.S.C. § 2255, and the court has no authority to modify his sentence pursuant to this section.

Finally, inasmuch as Jessop's motion requests that the court adjust his sentence, but does not challenge the execution of that sentence, the court has no authority to grant the relief pursuant to 28 U.S.C. § 2241. Under § 2241, a prisoner may challenge the "execution of [his] sentence." *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).[1]

As stated, the BOP decides the terms and location of Jessop's participation in the drug program, and the court has no jurisdiction over Jessop's request.  In any event, Jessop fails to assert any cognizable

---

[1] Examples of a proper § 2241 petition include: a challenge to the calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, *see Chambers*, 106 F.3d at 474-75, or conditions of confinement, *see*, e.g., *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

basis to support a legal challenge to his sentence and, reading his motion as liberally as possible, the court cannot construe it as asserting a proper legal ground for the relief he seeks.  Accordingly, Jessop's motion seeking modification of his sentence is **DENIED**.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Jessop's motion-letter is **DENIED**, and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

July 6, 2006
Albany, New York

Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge

6